**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JAMES BRANCH,

                            Plaintiff,

    v.                                   No. 06-CV-846
                                            (GTS/DRH)

GARY GREENE, Superintendent; JOHN DOE, I,
Sergeant; JOHN DOE, II, Sergeant; CHARRON,
Correction Officer; JOHN DOE, III, Correction
Officer; and JOHN DOE, IV, Correction Officer,

                            Defendants.

---

**APPEARANCES:**                                  **OF COUNSEL:**

JAMES BRANCH
Plaintiff Pro Se
Rescue Mission
212 Rutger Street
Utica, New York 13501-3675

HON. ANDREW M. CUOMO                  DOUGLAS J. GOGLIA, ESQ.
Attorney General for the                      Assistant Attorney General
   State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[1]

Plaintiff pro se James Branch ("Branch"), an inmate formerly in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, two named and four "John Doe" DOCS employees,

---

[1]This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

violated his constitutional rights under the First, Eighth, and Fourteenth Amendments. Compl. (Docket No. 1). Presently pending is the motion of defendant Gary Greene ("Greene") for summary judgment pursuant to Fed. R. Civ. P. 56(b). Docket No. 46. Branch did not respond to the motion. For the following reasons, it is recommended that Greene's motion be granted and that the complaint be dismissed without prejudice against the four "John Doe" defendants.

## I. Background

### A. Failure to Respond

Branch did not oppose Greene's motion.[2] "Summary judgment should not be entered by default against a pro se plaintiff who has not been given any notice that failure to respond will be deemed a default." Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996). Defendants provided such notice in their Notice of Motion here. Docket No. 46-1. Despite this notice, Branch failed to respond.

"The fact that there has been no response to a summary judgment motion does not. . . mean that the motion is to be granted automatically." Champion, 76 F.3d at 436. Even in the absence of a response, defendants are entitled to summary judgment only if the material facts demonstrate their entitlement to judgment as a matter of law. Id.; Fed. R. Civ. P. 56(c). Because Branch has not responded to raise any question of material fact, the facts as set forth in defendants' Statement of Material Facts (Docket No. 46-2) [hereinafter

---

[2]The motion was filed on July 21, 2008. Docket No. 46. When Branch did not respond, an order was entered extending the deadline for Branch to respond by November 3, 2008. Docket No. 47. Branch has filed no response.

2

"Defs. Statement"] are accepted as true.  Adirondack Cycle & Marine, Inc. v. American Honda Motor Co., No. 00-CV-1619, 2002 WL 449757, at *1 (N.D.N.Y. Mar. 18, 2002) (McAvoy, J.) (citing Lopez v. Reynolds, 998 F. Supp. 252, 256 (W.D.N.Y. 1997)).

### B. Statement of Facts

During the relevant time period herein, Branch was confined at Great Meadow Correctional Facility on keeplock status.[3]  Defs. Statement ¶¶ 1-3.  On April 18, 2006, Branch submitted a grievance alleging that defendant Charron refused to escort him to a dental appointment. Id. ¶¶ 1-2.  Additionally, on April 25, 2006, Branch filed another grievance against Charron contending that Charron refused to take him to a pharmacy to obtain his medication.  Id. ¶ 3.

On June 13, 2006, Charron appeared at Branch's cell and escorted him to an unnamed sergeant's office for questioning regarding the ongoing investigation surrounding Branch's grievances.  Id. ¶ 4.  At the office, Branch was allegedly assaulted by the unnamed sergeant while three unnamed corrections officers and Charron stood idly by and watched. Id. ¶¶ 5-6.  This action followed.

Greene (1) was not apprised that Branch was being taken to the sergeant's office for questioning, (2) was not physically present when the alleged assault occurred, and (3) did not see Branch subsequent to the alleged assault.  Id. ¶¶ 7-9.  Branch also conceded that Greene was neither present in the office nor available to see Branch before or after the

---

[3]"Keeplock is a form of disciplinary confinement segregating an inmate from other inmates and depriving him of participation in normal prison activities." Green v. Bauvi, 46 F.3d 189, 192 (2d Cir. 1995); N.Y. Comp. Codes R. & Regs. tit. 7, § 301.6 (

assault. Branch Dep. (Docket No. 46-4) at 3. Additionally, Branch stated that because Greene was the superintendent, he was responsible for the operation of the correctional facility and the welfare of all inmates. Id.; Compl. ¶ 3.

## II.  Discussion

Branch alleges that his constitutional rights were violated when he was assaulted by the sergeants and corrections officers in retaliation for filing grievances against Charron in April 2006. Defendants contend that Branch has failed to demonstrate Greene's personal involvement in the present case.

### A. Legal Standard

A motion for summary judgment may be granted if there is no genuine issue as to any material fact if supported by affidavits or other suitable evidence and the moving party is entitled to judgment as a matter of law. The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Facts are material if they may affect the outcome of the case as determined by substantive law. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial. The non-moving party must do more than merely show that there is some doubt or

speculation as to the true nature of the facts.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. Gallo v. Prudential Residential Servs. 22 F.3d 1219, 1223-24 (2d Cir. 1994); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988).

When, as here, a party seeks summary judgment against a pro se litigant, a court must afford the non-movant special solicitude.  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006); see also Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds *pro se*, ... a court is obliged to construe his pleadings liberally.'" (citations omitted)).  However, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.  Anderson, 477 U.S. at 247-48.

### B.  Personal Involvement

Defendants contend that Branch has failed to establish the personal involvement of Greene, the facility Superintendent.  "'[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'"  Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (quoting Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991)).  Thus, supervisory officials may not be held liable merely because they held a position of authority.  Id.; Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996).

5

However, supervisory personnel may be considered "personally involved" if:

> (1) [T]he defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) (citing Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986)).

First, despite Branch's contentions, Greene cannot be held liable solely because he held a supervisory position over other defendants. Branch does not specifically contend that Greene was directly involved or had knowledge of the alleged constitutional violations. However, even when reading the complaint in the light most favorable to Branch, any allegations of direct involvement and knowledge by Greene still lack any factual basis. Additionally, Branch fails to assert even a conclusory allegation, that there was any negligent supervision by Greene, that Greene created a hiring or retention policy which allowed constitutional violations to continue, or that Greene was grossly negligent in managing his subordinates.

Accordingly, Greene's motion for summary judgment should be granted on this ground.

### III. "John Doe" Defendants

The four "John Doe" defendants have neither been further identified nor served with process. Fed. R. Civ. P. 4(m) requires that a complaint be served upon a defendant within

120 days after the complaint is filed or the complaint may be dismissed as to any unserved defendant without prejudice.  See also N.D.N.Y.L.R. 4.1(b). The complaint here was filed on July 10, 2006.  Docket No. 1.  More than 120 days have since passed.  Accordingly, it is recommended that the complaint be dismissed as to defendants John Does I-IV without prejudice pursuant to Rule 4(m) and Local Rule 4.1(b).

### IV.  Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that:

1. Defendants' motion for summary judgment as to Greene (Docket No. 46) be **GRANTED** and judgment be entered in favor of Greene as to all claims against him; and

2. The complaint be **DISMISSED** without prejudice as to defendants John Does I-IV.


Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: January 21, 2009
       Albany, New York

_David R. Homer_
United States Magistrate Judge